Kirtlan G. Naylor   ISB No. 3569, kirt@naylorhales.com
James R. Stoll   ISB No. 7182, jrs@naylorhales.com
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock, Suite 610
Boise, Idaho 83702
Telephone No. (208) 383-9511
Facsimile No.  (208) 383-9516

Attorneys for Defendants CCA, John Ferguson,
Phillip Valdez, Daniel Prado, Brent Archibald,
Brian Doser, Justin Acosta and Brandon Delaney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>    Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA), a Tennessee Corporation; JOHN FERGUSON, CEO, CCA; PHILLIP VALDEZ, Warden Idaho Correctional Center (ICC); DAN PRADO, Assistant Warden, ICC; BRENT ARCHIBALD, ICC Investigations Officer; BRIAN DOSER, Unit Manager, ICC; JUSTIN ACOSTA, Case Manager, ICC; BRANDON DELANEY, SMU Case Manager; ICC; JOHN/JANE DOES, Members SMU Placement Committee, ICC; STEVE GARETT, ICC Medical Doctor; SUSAN BAJOVICH, ICC Medical Administrator; JANET STANGER, LPN, ICC Medical; sued in their individual and official capacities; and their successors in office,<br><br>    Defendants. | Case No.  CV 09-122-S-BLW<br><br>**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35)** |

Defendants, Correctional Corporation of America, John Ferguson, Phillip Valdez, Daniel Prado, Brent Archibald, Brian Doser, Justin Acosta and Brandon Delaney ("ICC

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 1.**

Defendants"), by and through their attorneys of record, Naylor & Hales, P.C., and hereby submit their response to Plaintiff's Motion for Sanctions (Dkt. 35).

## I.

## INTRODUCTION

On October 5, 2010, Plaintiff filed his Motion for Sanctions (Dkt. 35) alleging that these Defendants refused to comply with the February 11, 2010 Scheduling Order (Dkt. 14). Plaintiff asks the Court to order sanctions against these Defendants pursuant to Rule 37(b)(2). Specifically, Plaintiff alleges that Defendants have failed to answer discovery requests sent to Brent Archibald, a former defendant who was conclusively dismissed in the Initial Review Order (Dkt. 3). Additionally, Plaintiff alleges that Defendants failed to turn over and/or preserve as evidence, the alleged video of the assault. As argued herein, Plaintiff's motion should be denied.

## II.

## ARGUMENT

**A.   The Rules of Discovery Only Require "Parties" to Respond to Discovery Requests.**

On May 4, 2009, and pursuant to 28 U.S.C. § 1915A, the Court issued its Initial Review Order on this matter, finding that, ". . . Plaintiff has stated an Eighth Amendment failure-to-protect claim against all Defendants (except Defendant Archibald, which will be discussed below)." (Dkt. 3, pg. 4) ". . . Plaintiff may . . . proceed and serve his complaint upon the defendants against whom he is <u>authorized to proceed</u>." (Dkt. 3, pg. 5) (emphasis added) "The Court has also determined that Plaintiff has failed to state an Eighth Amendment claim against Defendant Archibald. There is no constitutional right to have one's prison assault investigated" (Dkt. 3, pgs. 5-6), "[n]either is there a constitutional right to have another person punished or criminally

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 2.**

prosecuted." (Dkt. 3, pg. 6) (citations omitted). "Because the complaint is devoid of any factual allegations showing that Defendant Archibald participated in any decision to deny Plaintiff protective housing prior to the April 14, 2007 incident or otherwise acted in a manner that caused Plaintiff harm or damage, Plaintiff has failed to state a claim upon which he can proceed against Defendant Archibald." *Id.* "Plaintiff may not proceed on his . . . claims against Defendant Brent Archibald." (Dkt. 3, pg. 7)

On August 21, 2009, Plaintiff filed his First Amended Complaint, again naming Brent Archibald as a Defendant. (Dkt. 7-0) Plaintiff's First Amended Complaint merely re-hashed allegations previously asserted against Mr. Archibald. Thereafter, Plaintiff served these Defendants with Plaintiff's First Request for Production of Documents to Defendant Brent Archibald Numbers 1-46, and Plaintiff's Request for Admissions [to Defendant Brent Archibald] Pursuant to Rule 36 of the Fed. R. Civ. Proc.

Upon receipt of these discovery requests, Defendants' counsel sent Plaintiff a letter reminding him that the Court's Initial Review Order (Dkt. 3) clearly dismissed Brent Archibald from this matter, and that the fact that Plaintiff later amended his Complaint to add Brent Archibald as a Defendant, had no effect on the Court's prior determination that Mr. Archibald was not a proper party to this lawsuit. (*See* Dkt. 21-1, pg. 1) Because the Court already ruled that the Plaintiff could not proceed against Mr. Archibald, these Defendants informed the Plaintiff that Mr. Archibald was under no obligation to respond to Plaintiff's discovery requests, and would not be doing so. *Id.* Plaintiff sent Defendants' counsel letters dated March 29, 2010, April 23, 2010, and May 11, 2010, demanding that Mr. Archibald respond to the discovery requests. See Exhibit "A" Plaintiff also raised the issue that since he never consented to a Magistrate, the Initial Review Order is null and void. *Id.*, *see also* Dkt 15-1. Defendants concede that they did not respond to these letters, however,

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 3.**

their earlier response sufficiently addressed Defendants' position on this matter.

Rules 34(a), and 36(a), Fed. R. Civ. Proc., limit the Plaintiff's ability to serve discovery requests only on proper "parties" to the lawsuit. As explained above, the Court has already determined that Brent Archibald is not a proper party to this lawsuit, and for this reason, Plaintiff's Motion for Sanctions (Dkt. 35) must be dismissed.

### B. Plaintiff's Objections to the Initial Review Order are Untimely.

As discussed above, the Court previously dismissed all claims against Brent Archibald for failure to state a claim upon which relief could be granted. (Dkt. 3, pg. 6) Plaintiff did not appeal that Order, or ask the Court for reconsideration. Plaintiff's current Motion merely rehashes facts previously considered by Magistrate Judge Bush, and asks the Court to second-guess Magistrate Judge Bush's previous order. Such a review would be untimely, and inappropriate.

In the event that this Court accepts Plaintiff's arguments, and determines that such a review is appropriate, these Defendants have previously submitted a true and correct copy of the General Report filed with the Ada County Sheriff, by Mr. Archibald, on behalf of the Plaintiff. *See* Dkt. 25, Exhibit "B," ICC 147. This report leaves no doubt that Mr. Archibald reported the crimes against the Plaintiff to the Ada County Sheriff Department, as reported in these Defendants' Answer to Plaintiff's First Amended Complaint. (Dkt. 12, ¶¶ 30-31) Therefore, even if the Court reconsiders its previous ruling, finding that "there is a constitutional right to have one's prison assault investigated," this report establishes that such action was taken by Mr. Archibald. Because there is no evidence in the record to disturb the Court's Initial Review Order (Dkt. 3), finding that Brent Archibald is an improper party, and these Defendants should not be sanctioned for disregarding Plaintiff's discovery requests to a non-party.

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 4.**

### C. Although The Assault Video Was Inadvertently Destroyed By A Third Party, The Facts Are Not In Dispute and Have Been Preserved Through A Written Report.

Plaintiff has alleged that Defendants failed to preserve and ultimately destroyed the video depicting the April 14, 2007 assault upon Plaintiff, which is the event that is at the heart of this litigation.

According to CCA's Policy re: Incident Reporting (5-1), any videotapes of the incident are to be assembled for the incident packet, to include, but not be limited to videotapes. Under this policy, a copy of the video depicting the incident, but not always the inmate escorts (if nothing occurs during an escort, then the tape is not retained), is to be attached to the 5-1 packet in the form of a copied disc. Policy 5-1 has been in effect since February 2007. Unfortunately, this does not mean that Plaintiff's April 14, 2007 assault was caught on camera. The ICC surveillance camera system was not always in place to capture all incidents occurring in the public areas throughout the facility. Specifically, in-cell activity has never been recorded. Therefore, because the actual assault took place in the Plaintiff's cell, the assault would not be captured by the surveillance cameras. Notwithstanding, Defendants do not dispute that at least one surveillance video existed, which caught a portion of the incident. Defendants concede that the only copy of this video was given to the Ada County Sheriff when Mr. Archibald filed the General Report, on behalf of the Plaintiff. *See* Dkt. 25, Exhibit "B," ICC 147. Defendants have since been notified by the Ada County Sheriff that when the Prosecutors declined to press charges on behalf of the Plaintiff, the video was destroyed.

The fact that the video was inadvertently destroyed, does not support Plaintiff's allegation that Plaintiff's purposely destroyed evidence so they could not be held accountable for their actions. A complete Incident Report, including all 5-1G Incident Investigation Report by Brent

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 5.**

Archibald has already been produced to the court for *in camera* review.  (*See* Dkt. 26) This report confirms that the video was reviewed and relied upon by Mr. Archibald in writing his Investigation Report, and that the facts alleged by Hayes as to the nature of the assault and robbery are not in question.  Therefore, even though the video was inadvertently destroyed, it does not prejudice the Plaintiff, because any facts that Hayes asserts that the video would have established have been preserved in Mr. Archibald's Investigation Report.  For the above reasons, these Defendants should not be sanctioned for destruction of evidence.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion must be denied.

DATED this 28th day of October, 2010.

> NAYLOR & HALES, P.C.
> /s/  James R. Stoll, Of the Firm
> E-mail: jrs@naylorhales.com
> Attorneys for Phillip Valdez and CCA

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2010, I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s).

| Michael T. Hayes, #20633 | x | U.S. Mail |
| I.C.C., M-2-C | | Hand Delivered |
| P.O. Box 70010 | | Federal Express |
| Boise, Idaho 83707 | | Fax Transmission |

**ICC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 35) - 6.**