UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>        Plaintiff,<br><br>    v.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA), a Tennessee Corporation; JOHN FERGUSON, CEO, CCA; PHILLIP VALDEZ, Warden Idaho Correctional Center (ICC); DAN PRADO, Assistant Warden, ICC; BRENT ARCHIBALD, ICC Investigations Officer; BRIAN DOSER, Unit manager, ICC; JUSTIN ACOSTA, Case Manager, ICC; BRANDON DELANEY, SMU Case Manager, ICC; JOHN/JANE DOES, Members SMUPlacement Committee, ICC; STEVE GARRET, ICC Medical Doctor; SUSAN BAJOVICH, ICC Medical Administrator; JANET STANGER, LPN, ICC Medical; sued in their indvidual and official capacities; and their successors in office,<br><br>        Defendants. | Case No.: CV 09-122-BLW<br><br>**ORDER** |

      Currently pending before the Court are: (1) Plaintiffs' Motion for Enlargement of

Time for Service of Summons and Complaint on Defendants Steve Garrett, Susan,

**ORDER- 1**

Bajovich, and Janet Stanger (Dkt. 31); (2) Plaintiff's Motion for Jury Trial Date (Dkt. 34); (3) Defendants' opposed Motion for Extension of Time to File Summary Judgment Motion (Dkt. 38); and (4) Plaintiff's unopposed Motion for Enlargement of Time to File Response to Defendants' Motion for Summary Judgment (Dkt. 43).[1] Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court Dist. Idaho Loc. Civ. R. 7.1.

## BACKGROUND

Plaintiff, Michael T. Hayes, is an inmate in the custody of the Idaho Department of Correction ("IDOC"). In April 2004, Hayes was incarcerated at the Idaho Correctional Center ("ICC"), which is a private institution operated by the Corrections Corporation of America, Inc. ("CCA"). Plaintiff's Complaint stems from an incident that took place on April 14, 2007, when he was allegedly beaten and his personal property was stolen by other inmates.

In the Initial Review Order (Dkt. 3), the Court found Plaintiff met the initial pleading requirements to go forward with an Eighth Amendment failure-to protect claim

---

[1] Plaintiff's Motion to Return Confiscated Property (Dkt. 44), is not yet ripe for decision and will be addressed in a separate order. In addition, the Court is not yet ready to make a decision on Defendants' Motion for Summary Judgment (Dkt. 40).

**ORDER- 2**

against Defendants Acosta, Doser, Prado, Delaney, Doe, and Valdez. Dkt. 3, p. 7. The Court did not allow Plaintiff to proceed on his claims against Defendant Archibald. *Id.*

Initially, this case was consolidated with five other cases, all filed by inmates alleging failure to protect claims against prison officials. More specifically, these cases involved prisoner-upon-prisoner assaults by prison gangs. However, the consolidated cases were de-consolidated as some of the plaintiffs had failed to exhaust administrative remedies. Dkt. 6.

On November 9, 2009, Plaintiff filed an Amended Complaint against Defendants: CCA; John Ferguson; Phillip Valdez; Dan Prado; Brent Archibald; Brian Doser; Justin Acosta; Brandon Delaney; John/Jane Doe, Members of the SMU Placement Committee; Steve Garrett; Susan Bajovich; and Janet Stanger. On January 12, 2010, CCA counsel appeared on behalf of Defendants: CCA, Ferguson, Valdez, Prado, Archibald, Doser, Acosta, and Delaney. Dkt. 11. However, counsel made clear that the appearance was not made on behalf of Stanger, Garrett, and Bajovich, on the basis that these Defendants "are not current employees of the ICC." *Id.*

Plaintiff objected to counsel's refusal to accept service on behalf of Garrett, Bajovich, and Stanger. Dkt. 13. Despite Plaintiff's objection, the Court, in the February 11, 2010 Scheduling Order, directed Plaintiff to serve these Defendants. Dkt. 14, p. 2. This Order plainly states, "Plaintiff shall have until **May 28, 2010**, to accomplish service upon defendants who have not yet been served or for whom no attorney has entered an appearance, including but not limited to Janet Stanger, Steve Garrett, and Susan Bajovich.

**ORDER- 3**

Otherwise, claims against all unserved defendants will be dismissed without prejudice." *Id.*

On June 2, 2010, Plaintiff filed a Motion for Enlargement of Time for Service of Summons and Complaint on Defendants Steve Garrett, Susan Blajovich, and Janet Stanger." Dkt. 31. Plaintiff requested that the Court order CCA counsel to appear on these Defendants behalf or provide Plaintiff with an additional 45 days to accomplish service. *Id.*

On October 5, 2010, Plaintiff asked for a trial date. At that time, the time set for discovery had passed but the dispositive motion deadline set in the Scheduling Order had not.

On November 16, 2010, two weeks before the time set for dispositive motions in the Scheduling Order, Defendants asked for an extension of time of 15 days for filing a dispositive motion. Dkt. 38. The basis for the request was the difficulty counsel faced in contacting out-of-state Defendants for the purpose of securing testimony via affidavit. *Id.* Plaintiff objected to the request contending it was an effort to delay the case further. Dkt. 39. The motion for summary judgment was filed on December 6, 2010, within one week of the deadline for dispositive motions set forth in the Court's Scheduling Order.

On January 10, 2011, Plaintiff requested an extension of the deadline set for a response to Defendant's motion for summary judgment. Dkt. 43. Plaintiff asked for more time, because he was in closed custody and consequently had limited access to law

books. Defendants file a non-opposition to Plaintiff's motion for extension, and Plaintiff filed an opposition to summary judgment on February 9, 2011. Dkts. 45, 46.

## DISCUSSION

### A. Plaintiff's Motion to Extend Time for Service (Dkt. 31)

Plaintiff has had over a year since the Court entered the Scheduling Order to serve Defendants Garrett, Bajovich, and Stanger. CCA Counsel made clear that he would not be representing these Defendants, and the Court's Scheduling Order made clear that the burden was on Plaintiff to accomplish service. Yet, to date, Plaintiff has not served these Defendants, and the case has proceeded through the dispositive motion deadline. Accordingly, the Court will deny the motion.

That is not to say that Plaintiff cannot rely upon the allegations against these Defendants to support his other claims. It simply means that he cannot proceed with claims against these Defendants in this lawsuit.

### B. Plaintiff's Motion for Jury Trial Date (Dkt. 34)

The Court will not set a jury trial in this matter until after a decision on summary judgment. Only then will the Court know what, if any, claims remain to be tried.

### C. Requested Extensions Re: Summary Judgment Briefing (Dkts. 38, 43)

Both parties seek extensions to the deadlines set forth for their summary judgment briefing. *See* Defendants' opposed Motion for Extension of Time to File Summary Judgment Motion (Dkt. 38); Plaintiff's unopposed Motion for Enlargement of Time to File Response to Defendants' Motion for Summary Judgment (Dkt. 43). The Court finds

**ORDER- 5**

good cause to extend both deadlines and no reason to treat the parties differently in this regard. Accordingly, the motions are granted.

Nonetheless, given the Court's previous ruling regarding discovery and the possibility that additional discovery will be produced or otherwise provided to Plaintiff, the Court will entertain further briefing on the summary judgment motion as follows: (1) if Plaintiff receives additional discovery on his claims, then he may file an amended response to Defendants' Motion for Summary Judgment (Dkt. 40) on or before June 30, 2011 and (2) Defendants may file a reply to this response fourteen days after an amended response is filed. If an amended brief is filed, the Court will not consider the original brief. Meaning, the amended filing will take the place of the original filing, and the amended filing will be the only response the Court will consider.

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for Enlargement of Time for Service of Summons and Complaint on Defendants Steve Garrett, Susan Bajovich, and Janet Stanger (Dkt. 31) is DENIED.

2. Plaintiff's Motion for Jury Trial Date (Dkt. 34) is DENIED without prejudice.

3. Defendants' Motion for Extension of Time to File Summary Judgment Motion (Dkt. 38) is GRANTED.

4. Plaintiff's Motion for Enlargement of Time to File Response to Defendants' Motion for Summary Judgment (Dkt. 43) is GRANTED.

5. In addition, Plaintiff may file an amended response to Defendants' Motion for Summary Judgment (Dkt. 40) on or before June 30, 2011 and

Defendants may file a reply to this response fourteen days after an amended response is filed.

DATED: **March 11, 2011**



_B. Lynn Winmill_
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER- 7**