UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Michael T. Hayes<br><br>            Plaintiff,<br><br>    v.<br><br><br>Corrections Corporation of America (CCA), et al.,<br><br>            Defendant. | Case No.  1:09-cv-00122-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION IN LIMINE** |

**INTRODUCTION**

Pending before the Court are various motions filed by the parties. (Dkts. 151, 157, 162, 163, 173).  The Court heard argument on two of these motions – the ICC Defendants' Motions in Limine (Dkt. 163) and Motion to Amend the Caption (Dkt. 157) – on February 22, 2013.  Additionally, during this hearing, plaintiff Hayes orally moved to amend his trial witness list to include Daniel Dixon.  The Court ruled on some issues during the hearing, and will now rule on the remaining issues.  For the sake of completeness and clarity, the Court will include its oral rulings within this decision.

## BACKGROUND

Hayes was incarcerated at the Idaho Correctional Center, a private prison, from approximately 2004 through 2012. On April 14, 2007, Hayes was beaten and robbed by two other inmates. In March 2009, Hayes sued under 42 U.S.C. § 1983, alleging that the prison and various prison employees violated his Eighth Amendment rights. After this Court's summary judgment decisions, the only remaining claims are Hayes' failure-to-protect claims against prison employees Brian Doser and Justin Acosta. Trial is set for March 11, 2013.

## ANALYSIS

Preliminarily, the parties should be aware that in limine rulings are provisional, meaning the Court may change its mind during trial. So even though the Court will overrule many of defendants' objections to particular categories of evidence within this Order, defendants may re-assert those objections at trial. Likewise, even though the Court is determining that certain of plaintiff's intended evidence should be excluded, during the trial plaintiff may again ask for permission to offer such evidence. *The parties shall raise any of these issues in advance, however, outside the presence of the jury*.

1.  **Alleged Discovery Violations**

    Defendants ask the Court to exclude nine of plaintiff's proposed trial witnesses because plaintiff allegedly did not disclose them during discovery. These witnesses are: James Parmer, Sara Fink, Mark Worthington, Melissa Carr, Brent Reinke, Randy Blades, Dr. Kenneth Khatain, Stephen L. Pevar, and Richard Alan Eppink.

During the hearing, the parties informed the Court they had resolved this issue with the following stipulation: (1) defendants will withdraw their objection to plaintiff's calling Dr. Khatain as a witness; (2) defendants will supplement their exhibit list to include some of Dr. Khatain's medical records; and (3) plaintiff will not attempt to offer any of the other nine witnesses listed above. Based on this stipulation, the Court will exclude the nine listed witnesses except for Dr. Khatain.

Additionally, in accordance with its ruling during oral argument, the Court will exclude Brent Reinke and Randy Blades regardless of whether plaintiff intended to include them in his stipulation.[1] The Court is not convinced that these witnesses' testimony is relevant to the issues in this lawsuit. These witnesses are not affiliated with the private prison at issue here; rather, they are affiliated with the Idaho Department of Corrections. Moreover, regardless of whether their testimony is relevant, plaintiff did not timely disclose these witnesses and his failure to do so was not substantially justified or harmless. Thus, in accordance with Federal Rule of Civil Procedure 37(c), and after considering the factors set out in *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997),[2] the Court finds that exclusion is an appropriate sanction. *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

---

[1] During the hearing, plaintiff initially indicated that he would not attempt to withdraw any of the nine disputed witnesses except Dr. Khatain. Later in the hearing, however, plaintiff indicated did not realize Reinke and Blades were included in the list of witnesses he agreed not to offer.

[2] These factors are: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.

**2.     Inmate Testimony Regarding Assaults**

Defendants next seek to exclude testimony from sex offender inmates who would testify they were attacked after April 14, 2007. These witnesses include Brandon Jordan; Todd Butters; Phillip Fenwick; Albert Pete Veenstra; Marlin Riggs; Mathew Knapp; and Larry Sittner. Relatedly, Hayes' discovery responses indicate that prison employee Daniel Chaney has first-hand knowledge of the attack on inmate Todd Butters.

Defendants say such testimony is irrelevant to deciding whether the defendants Doser and Acosta violated plaintiff's Eighth Amendment rights.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials also have a duty to take reasonable steps to protect inmates from physical abuse. *Id*

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates' safety." *Id.* at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" *Id*. at 843 (citation omitted).

Deliberate indifference is a high legal standard, which involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

"sufficiently serious." *Id*. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Id.* at 842. Ultimately, the defendant prison official must not only "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Id.* at 837. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cnty. of Washoe,* 290 F.3d 1175, 1188 (9th Cir. 2002).

Under this standard, the ultimate question is whether Doser and Acosta knew Hayes was exposed to a substantial risk of serious harm on K-pod when Hayes was housed on that pod. If an inmate was assaulted on one of the gladiator pods very shortly after plaintiff was attacked, that assault may have some arguable bearing on defendants' state of mind in April 2007, when Hayes was assaulted. The Court therefore declines to issue a blanket exclusionary order preventing plaintiff from putting on evidence of inmate-on-inmate attacks after April 14, 2007. Instead, during the course of the trial, the Court will make its decision about any alleged post-April 14, 2007 attacks on a case-by-case basis. Hayes will need to make an offer of proof as to any given attack – outside the presence of the jury – and the Court will then decide whether that evidence will be admitted.

As for any attacks *before* April 14, 2007, these are plainly relevant. Further, the Court is not persuaded that plaintiff should be limited to presenting evidence of attacks only on K-Pod. Hayes has claimed there was a longstanding, pervasive problem with six pods in the prison (J-K-L and A-B-C) – the so-called "gladiator pods" – because sex offender inmates such as Hayes were routinely beaten and robbed in these pods. Evidence of attacks on these other pods might help Hayes prove, circumstantially, that Doser and Acosta knew of a risk of harm on K-Pod.

In sum, at trial, the inmate witnesses listed above can testify about attacks on pods A,B,C or J,K,L on or before April 14, 2007. As for any attack after that date, the Court will make those determinations during trial.

Also, a point of clarification regarding inmate Marlin Riggs, whom plaintiff intends to call as a witness. If Riggs testifies, he will not be allowed to testify regarding the allegedly inadequate medical treatment he received following the attack, however. This is not relevant to the issues in this case, and would be unduly prejudicial under Federal Rule of Evidence 403.

Finally, during the hearing, Hayes asked to add inmate Daniel Dixon to his witness list. Hayes disclosed Dixon as a witness during discovery but did not put Dixon on his trial witness list. Hayes indicates that Dixon was a sex offender inmate who was attacked on J pod during 2006. Hayes says Dixon asked Doser and Acosta several times to be moved to a different unit. This testimony is relevant to Hayes' claim and the Court cannot see how defendants would be prejudiced by allowing Hayes to amend his trial

witness list.[3]  The Court will therefore allow Dixon to testify.

### 3. ICC Prison Employees

Defendants next seek to prevent three ICC prison employees from testifying, ICC Warden Phillip Valdez, Assistant Warden Dan Prado, and Unit Manager Norma Rodriguez.  Generally, Hayes wishes to offer these witnesses to establish that there has been a longstanding, pervasive problem at the prison, specifically involving the prison officials placing sex offenders on the gladiator pods despite knowing these types of offenders would be targeted for physical assaults by other inmates.

Defendants argue that such evidence is irrelevant to what Doser and Acosta personally knew as of April 14, 2007.  But the legal standard described above is broader than that.  Although the ultimate question is what Doser and Acosta knew when they refused to remove Hayes from K-Pod, Hayes is entitled to put on evidence that the problems at ICC were so longstanding and pervasive that Doser and Acosta must have known that placing a sex offender on A-B-C or J-K-L pods would expose them to a substantial risk of serious harm.  The Court will therefore allow Valdez, Prado, and Rodriguez to testify at trial.  Further, although the Court may change its mind in the context of a trial, at this point, the Court will allow Hayes to question these witnesses about events dating back to 2005.  During discovery, Hayes indicated that these witnesses

---

[3] Indeed, defendants recently reversed course on one of their own proposed witnesses.  After moving to exclude Brandon Delaney as a witness, defendants withdrew that motion and added Delaney to their Second Amended Witness List.  *See Feb. 8, 2013, Second Amended Witness List,* Dkt. 165; *Addendum to Motion in Limine,* Dkt. 166.

(Rodriguez, Valdez, and Prado) knew sex offenders were being placed in harm's way dating back to "2005" or "before 2006."

In this regard, and more generally speaking, the Court is not persuaded by defendants' argument that plaintiff should be restricted to using evidence from the one-year-period – April 14, 2006 through April 14, 2007 – to prove his case. Hayes wishes to show that there was a longstanding, pervasive problem at the prison – specifically that sex offenders were not properly protected on the so-called gladiator pods (A,B,C and J,K,L pods). To establish this point, Hayes will be allowed to reach back farther than one year to demonstrate that the problem was indeed "longstanding." Defendants insist that the Court established a one-year "temporal limitation" on admissible evidence during discovery. But this is not so. Rather, in an earlier discovery order, the Court overruled defendants' objections and ordered them to produce documents related to inmate-on-inmate assaults at the prison. That production was limited to the one-year period before Hayes' attack, but that limitation was based on a number of concerns, including, among other things, the burden on defendants to produce such documents and the security risks of allowing inmates to have information related to other inmates. That order did not purport to establish a rigid temporal limitation on evidence that would be admissible at trial.

**4.     Defendants' View of "Relevant" Evidence**

Finally, defendants broadly ask the Court to exclude everything that falls outside their narrow view of what is relevant. Specifically, defendants wish to limit plaintiff's

evidence of inmate-on-inmate assaults with sex offender victims to the one-year period discussed above (April 14, 2006 to April 14, 2007). Defendants also wish to exclude any evidence of assaults on pods *other* than K-Pod. Finally, defendants say Doser's and Acosta's knowledge of any "substantial risk of serious harm to Plaintiff" is relevant only "from January 21, 2007 to April 14, 2007, while Plaintiff was housed on K-Pod." *Mot. Mem.*, Dkt. 163-1 at 16.

For the reasons already discussed, the Court rejects defendants' cramped view of relevance. The Court will not so limit the plaintiff's ability to present evidence related to his case.

## ORDER

1. The ICC Defendant's Motions in Limine (Dkt. 163) are **GRANTED in part** and **DENIED in part** as explained above.

2. The ICC Defendants' Motion to Amend the Caption (Dkt. 157) is **GRANTED** to the extent defendants ask to exclude the dismissed defendants on the special verdict form and other pleadings shown to the jury. Otherwise, the Court will not change the caption. The parties may continue to file pleadings with the Court showing the complete caption.

3. Plaintiff's oral motion to add Daniel Dixon to his witness list is **GRANTED.**

4. Plaintiff shall inform the Court of the order in which he intends to call his trial witnesses so that the Court can coordinate transporting prisoners and serving subpoenas. **This document must be faxed or e-mailed to the Court (with a copy to**

**defense counsel) by no later than Wednesday, February 28, 2013.**  In compiling this list, Hayes should include all sex offender witnesses listed on his Jury Trial Witness List except James Parmer.  *See* Dkt. 161 (witness nos. 1-4, 6-7). As indicated above, the Court may determine during trial that these witnesses will not be allowed to testify about post-April 14, 2007 assaults, but these witnesses will need to be available – even if they do not take the stand at trial – so that the Court may entertain Hayes' offers of proof regarding each of these witnesses.  Further, these witnesses may have relevant testimony regarding pre-April 14, 2007 attacks.

     5.    Plaintiff's motion requesting various forms of relief (Dkt. 173) is **DEEMED MOOT, in part, and DENIED, in part.**  The requests for extensions of time to file various pretrial documents are moot; the Court already granted plaintiff extensions, as set forth in the February 19, 2013 Order re Pretrial Conference.  *See* Dkt. 174.  Plaintiff's request for an order directing IDOC to allow him to correspond with victim witnesses is **DENIED**, as plaintiff has not cited any authority for such an order.  Regardless, however, plaintiff is advised that Court staff will work with IDOC in an effort to allow him to communicate with his trial witnesses before they testify.

**Plaintiff's Motion for Subpoenas**

     6.    Regarding Plaintiff's Motion for Subpoenas (Dkt. 151, with a duplicate filing at Dkt. 162), the Court will **GRANT in part and DENY in part** this motion.  More specifically, the Court has determined that the following witnesses on that list may testify:  Margaret Gabbitas; Brent Archibald; Norma Rodriguez, Wayne Peterson; Albert

Pete Veenstra; Todd Butters; Phillip Fenwick; Marlin Riggs; Mathew Knapp; and Dr. Kenneth Khatain.

7.      **Not later than February 28, 2013**, Defendants shall inform the Court whether the following ICC employees on Plaintiff's witness list will appear voluntarily or will require a subpoena for their appearance: Norma Rodriguez, Brent Archibald, Margaret Gabbitas, Brandon Delaney, Phillip Valdez, Dan Prado, Wayne Peterson, and Dr. Kenneth Khatain. Defendants will also inform the Court as to whether these witnesses will require witness fees and whether defense counsel will accept service of subpoenas for these individuals (assuming these witnesses will require a subpoena to appear).

8.      Regarding witnesses Larry Sittner and Marlin Riggs, Hayes will need to supply the Court with an address for serving these individuals. The Court has been unable to locate these individuals by checking sex offender registries. Hayes will also need to supply addresses for Brent Archibald (who is listed as a retired ICC employee) and Tim Huf (who is listed as an IDOC dentist).

DATED: February 26, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court