UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Michael T. Hayes<br><br>                    Plaintiff,<br><br>        v.<br><br><br>Corrections Corporation of America (CCA), et al.,<br><br>                    Defendant. | Case No.  1:09-cv-00122-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is plaintiff's March 5, 2013 "Motion to Stipulate to Witness Exclusion" (Dkt. 198), along with his March 8, 2013 "Motion to Withdraw Motion to Stipulate to Witness Exclusion" (Dkt. 202).  Defendants Brian Doser and Justin Acosta object to the plaintiff's request to withdraw this motion.

## ANALYSIS

Days before the trial of this matter, on March 6, 2013, plaintiff Michael Hayes filed a document indicating he would stipulate to the "exclusion" of the following witnesses at trial:  Brandon Delaney, Matthew Knapp, Larry Sittner, and Dr. Wayne

Peterson.  (All of these witnesses were listed on plaintiff's trial witness list.  *See* Dkt.
161.)  Plaintiff now says he wishes to call these witnesses at trial, and asks the Court to
subpoena them.  Defendants do not object to plaintiff calling these witnesses, although
counsel now indicates they will no longer agree to accept service for Dr. Peterson or
Brandon Delaney.

Because defendants do not object to plaintiff calling these witnesses at trial, the
Court will deem the stipulation moot and grant Hayes' motion to withdraw it.  Plaintiff
may call the above-listed witnesses at trial.  However, to the extent plaintiff asks the
Court to pay costs associated with subpoenaing these additional witnesses to trial, the
Court will deny that request.  Plaintiff is free to subpoena these witnesses but will need to
pay to do so.  Plaintiff is advised that the Court has obtained addresses for Matthew
Knapp and Larry Sittner.  The costs associated with subpoenaing these witnesses via the
U.S. Marshal's service (witness fees; mileage fees; and service) is roughly $105 per
witness.

Within his withdrawal motion, plaintiff also indicates that he intends to call
defendants Justin Acosta and Brian Doser as witnesses on the first day of trial.
Defendants object to this, because in a previous filing, in which plaintiff listed the order
in which he intends to call witnesses at trial, plaintiff did not list Doser and Acosta.

As the parties are aware, however, Plaintiff was asked to list the order in which he
would call his witnesses at trial so the Court could coordinate transporting prisoners to
Court.  (Some of plaintiff's trial witnesses are incarcerated.)  The Court, by making this

MEMORANDUM DECISION AND ORDER - 2

request, did not limit Mr. Hayes' ability to call witnesses listed on his trial witness list.

Mr. Hayes is therefore free to call Mr. Doser and Mr. Acosta as trial witnesses.  Both

these witnesses appear on plaintiff's trial witness list.  Defendants' claim of prejudice

thus lacks merit.

## ORDER

**IT IS ORDERED THAT:**

1.    Plaintiff's Motion to Stipulate to Witness Exclusion (Dkt. 198) is MOOT.

2.    Plaintiff's March 8, 2013 Motion to Withdraw the Motion to Stipulate (Dkt.

202) is **GRANTED in part** and **DENIED in part**.  This motion is denied to the extent

plaintiff asks the Court to pay costs associated with subpoenaing additional witnesses to

trial.

DATED: March 11, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 3**